IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MARCI MANSFIELD | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-621 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| PILOT CATASTROPHE SERVICES, INC., | § | |
| and JEFFERY EARL CHAMPION | § | |

## OPINION AND ORDER

On November 29, 2010, Defendant, Allstate Texas Lloyd's (Allstate), filed a Verified Plea in Abatement alleging that Plaintiff, Marci Mansfield, failed to provide the 60-day Notice required by Texas Insurance Code § 541.154. The Plaintiff concedes that he did not provide the required Notice letter before filing suit on September 16, 2010, but argues that, *inter alia*, the tardy Notice letter sent to Allstate on December 3, 2010, began the 60-day abatement clock which expired on February 1, 2011, thereby rendering Allstate's pending Plea moot. The Court agrees with the Plaintiff.

Despite Allstate's argument to the contrary, the Court finds the Plaintiff's Notice letter provides enough detail for Allstate "to grasp the basis" of their complaint. The letter describes the Plaintiff's damages as follows:

> Specifically, Marci Mansfield's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Marci Mansfield's home also sustained substantial structural and exterior damage during the storm. Additionally, Marci Mansfield's fence was damaged during the storm.

The letter also explains that Allstate had failed to include in its payments all of the damages caused to the property by Hurricane Ike and provides a damages calculation.  See Richardson v. Foster & Sear, LLP, 257 S.W.3d 782, 786 (Tex. App. -- Fort Worth, 2008).  Admittedly, the letter could have been more enlightening, however, this Court has no inclination to haggle over what degree of factual specificity will be necessary to ultimately declare a Notice letter regarding hurricane damage to be sufficient or demand that Plaintiff file amended Notice letters until he gets it right.

Having found the letter to be sufficient, the Court feels compelled to deny Allstate's Plea as moot under the reasoning of the Texas Supreme Court in In re: Alford Chevrolet-Geo, 997 S.W.2d 173, 178 (Tex. 1999).  On February 1, 2011, the 60-day abatement period would have ended.  Although there was no automatic abatement in this case, due to the filing of the Plaintiff's verified response, this Court sees no need to formally grant the now-expired stay.

It is, therefore, the **ORDER** of this Court that the Plea in Abatement of Allstate Texas Lloyd's (Instrument no. 4) is **DENIED as moot**.

**DONE** at Galveston, Texas, this ____21st____ day of April, 2011.

_____
John R. Froeschner
United States Magistrate Judge

2